Madden, Judge,
delivered the opinion of the court:
The plaintiff’s petition alleges that he was indicted, and found guilty by a jury in a United States District Court, of violation of two subsections of the Federal Firearms Act, 52 Stat. ch. 850, p. 1250; 15 U. S. C. subsections 902 (f) and (i); *652 that he was imprisoned for a time in a county jail, and for a time in a United States penitentiary; that on plaintiff’s appeal a United States Circuit Court of Appeals reversed his conviction on the ground that the provision of the Federal Firearms Act creating a presumption that a firearm found in the possession of a person who had been convicted of a crime of violence, had been shipped to that person in interstate commerce was unconstitutional, and that there was no evidence that the plaintiff had violated the Federal Firearms Act; that the plaintiff had been damaged by his imprisonment.
The plaintiff sues for damages for erroneous conviction and imprisonment under the act of May 24, 1938, 52 Stat. 438, 18 U. S. C. 729. The Government demurs to the petition.
In the plaintiff’s petition appears the following statement:
Plaintiff, not being a citizen of the United States, therefore under the rules of this court is not required to make an allegation that he has borne true allegiance to the Government of the United States.
Section 155 of the Judicial Code, 36 Stat. 1139, 28 U. S. C. 261, says:
Aliens who are citizens or subjects of any Government which accords to citizens of the United States the right to prosecute claims against such Government in its courts, shall have the privilege of prosecuting claims against the United States in the Court of Claims, whereof such court, by reason of their subject matter and character, might take jurisdiction.
The Government has made no point of the fact that the plaintiff is an alien. We have held, however, in the case of Aktiebolaget Imo-Industri v. United States, No. 45689 (decided April 3, 1944), that the plaintiff has the burden of showing that the requirement of section 155 is satisfied, and that, without such a showing, this court has no jurisdiction to entertain an alien’s suit. We therefore, of our own motion, dismiss the plaintiff’s petition.
It is so ordered.
Whitaker, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.